## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ANTON STEWART                         :

                    Plaintiff         :        CIVIL ACTION NO. 3:18-2315

           v.                         :               (JUDGE MANNION)

Supt. LAUREL HARRY, et al.,           :

                    Defendants        :


## MEMORANDUM

## I. Background

Anton Stewart, an inmate formerly confined[1] in the Mahanoy State Correctional Institution, Frackville (SCI-Mahanoy), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc.1). The named Defendant are Superintendent Laurel Harry and three John Does. Id. Plaintiff alleges that he was injured when he hit his head on a metal bed frame, after passing out in his cell, due to the extreme heat in his cell. Id. For relief, Plaintiff seeks compensatory and punitive damages. Id.

On May 10, 2019, Defendant Harry filed an answer to the complaint. (Doc. 9). On November 19, 2019, this Court issued a scheduling Order, requiring dispositive motions to be filed by January 10, 2020. (Doc. 14).

---

[1] By Notice filed August 21, 2019, Plaintiff informed the Court that he had been released and his current address is 3200 Henry Avenue, Philadelphia, Pennsylvania. (Doc. 12).

On January 7, 2020, Defendant Harry filed a motion for judgment on the pleadings, along with a brief in support of said motion. (Docs. 16, 17).

On January 23, 2020, Defendant Harry filed motion for enlargement of time to complete discovery after this Court's disposition of Defendant's motion for judgment on the pleadings. (Doc. 21). By Order dated April 8, 2020, Defendant's motion for enlargement of time to complete discovery was granted. (Doc. 22).

On April 27, 2020, this Court's April 8, 2020 Order was returned to the Court as undeliverable, stating "not deliverable as addressed, unable to forward." (Doc. 23).

To date, Plaintiff has failed to respond to Defendant's motion for judgment on the pleadings. In fact, Plaintiff has not had any correspondence with this Court since his August 21, 2019 Notice of change of address. Thus, the Court concludes that Stewart has abandoned this action, and after considering the relevant factors, will dismiss the above captioned action for Plaintiff's failure to prosecute.

## II.  **Failure to Prosecute**

The Court turns to the issue of Plaintiff's failure to prosecute, given that he has not participated in this case since August 21, 2019.

Pursuant to Fed.R.Civ.P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court...." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002); Huertas v. United States Dep't of Educ., 408 Fed.Appx. 639 (3d Cir. 2010).

The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action. Emerson, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, dismissal can be appropriate even if some of the Poulis factors are

- 3 -

not satisfied. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988); Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all Poulis factors must weigh in favor of dismissal).

## III. Discussion

The court finds that the Poulis factors warrant dismissal of Plaintiff's case. First, as a *pro se* litigant, plaintiff is solely responsible for prosecuting his claim. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992).

Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a Plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. Ware v. Rodale Press, Inc., 322 F.3d 218, 222–23 (3d Cir. 2003). Prejudice for purposes of the Poulis analysis, however, does not mean irremediable harm. Ware, 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. In this case, Stewart's failure to litigate this case and comply with court rules and court orders frustrates and delays resolution of this action, and so, such failure to litigate

can be seen to prejudice the Defendant, who seeks a timely resolution of the case.

As to the third factor, there is a history of dilatoriness inasmuch as Plaintiff failed to provide the court with his current address, failed to file a response to Defendant's pending motion for judgment on the pleadings, and has taken no action in this case since August 21, 2019.

As to the fourth factor, the facts to date lead to a conclusion that Plaintiff's failure to prosecute is willful or in bad faith. It is Plaintiff's responsibility to provide the court with his current address. Moreover, Plaintiff failed to oppose Defendant's motion for judgment on the pleadings or to Defendant's motion to extend the time for discovery. Nor has he communicated with the Court in any manner for nearly nine months. Stewart's silence and failure to litigate this action lead to an inference that he has willfully abandoned this case. Accordingly, the court finds Plaintiff's actions willful and in bad faith.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Because Plaintiff proceeds *pro se* and *in forma pauperis*, it is doubtful that monetary sanctions would be effective.

As to the sixth factor, the merits of the claim, Plaintiff alleges violations of his constitutional rights. Defendants have, however, argued that Plaintiff's

own allegations, and exhibits attached to his complaint, do not support Plaintiff's claims. (See Doc. 17).

The Court finds that the Poulis factors weigh in favor of dismissal given Plaintiffs failure to: (1) provide the court with a current address; (2) respond to Defendant's motion for judgment on the pleadings or motion to extend discovery deadline; and (3) take any action in the case since August 21, 2019. Notably, the evidence of record indicates there is not a likelihood of success on the merits of Plaintiff's claims.

## IV. Conclusion

For the above reasons, the Court will deem Defendant's motion unopposed. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. Plaintiff failed to oppose Defendant's motions, inform the Court of a change in his address, or communicate in any way with this Court since August 21, 2019. All of the Poulis factors weigh in favor of dismissing Plaintiff's complaint for failure to prosecute.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 8, 2020**
18-2315-01